U.S. DISTRICT COURT - N.D. N.Y.
FILED
JUL 3 0 2019
AT____O'CLOCK____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FREDERICK DIAZ,

                              *Plaintiff*,

    -against-

STEPHANIE PELO; C FRASER; KENNETH MCKEIGHAN; RODNEY EASTMAN; CHRISTOPHER MILLER; RACHEL A YOUNG,

                              *Defendants.*

**STIPULATION, ORDER AND JUDGMENT**

15-CV-0776

DNH/DJS

---

The plaintiff, Frederick Diaz, having filed the instant action on June 25, 2015, Dkt. No. 1; and having thereafter proceeded *pro se* until the appointment of trial counsel on or about March 28, 2019, Dkt. No. 83; and the Court having entered Judgment in this matter on March 28, 2019, Dkt. No. 82, adopting the Report and Recommendation of Magistrate Judge Daniel J. Stewart dated February 15, 2019, Dkt. No. 77, dismissing all claims but the Third Claim ("Denial of Due Process") in the Complaint, Dkt. No. 1 (hereafter "Third Claim"); and this matter having been scheduled for trial before the court on August 6, 2019 in Utica, New York, Dkt. No. 82, and

WHEREAS the parties have reached a resolution of the Third Claim as agreed below; and

WHEREAS plaintiff specifically reserves the right to appeal the dismissal of any claims, Dkt. No. 82, other than the Third Claim, and the parties and the court concur that this Stipulation, Order and Judgment is an appealable Judgment insofar as it pertains to all claims dismissed pursuant to the court's March 28, 2019 order; and

{M0615624.1}

WHEREAS, the plaintiff is an inmate at the Elmira Correctional Facility who has communicated with court-appointed counsel as to his desires and intentions regarding an acceptable settlement of this matter, and court-appointed counsel have represented to the court that the resolution contained in this Stipulation, Order and Judgment is one that is consistent with the plaintiff's previous communications to them, it being impractical for counsel to currently discuss the terms of the instant Stipulation, Order and Judgment with the plaintiff;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff and defendant Rachel A. Young, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the Third Claim be and the same hereby is, settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of, and shall have, no legal precedential value in any other case either between the parties to this case or any other parties:

1. Plaintiff discontinues the Third Claim with prejudice and without damages, costs, interest or attorneys' fees, and discharges and releases defendant Rachel A. Young and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of the Third Claim, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the Third Claim, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in this settlement.

2. The Third Claim is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to, any underlying allegations, facts or merits of their respective positions on the Third Claim. The settlement of the Third Claim is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by, the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and its being ordered by the court, defendant Rachel A. Young shall pay to plaintiff the sum of One Thousand Six Hundred Sixty Dollars and Twenty Cents ($1660.20) in full settlement of the Third Claim. A check in the amount of One Thousand Six Hundred Sixty Dollars and Twenty Cents ($1660.20), payable to the plaintiff, will be mailed to Elmira Correctional Facility for deposit in plaintiff's inmate account, or, in the event plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed. This amount includes all sums to which plaintiff is entitled on the Third Claim, including but not limited to damages, costs, and attorneys' fees.

6. Payment by defendant Rachel A. Young of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon plaintiff's

signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendant responsible for the administrative processing of the settlement paperwork..

7. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after (1) the approval of this stipulation by the Court, (2) receipt by defendant's counsel of a copy of the so-ordered stipulation, and (3) the return by plaintif of the executed "Standard Voucher" set forth in paragraph 6 above, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

9. This stipulation shall be null and void if the approvals and conditions referred to in paragraph 6 are not obtained or satisfied, and this action shall then be placed back on the active docket without prejudice.

10. The foregoing constitutes the entire agreement of the parties.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    (1) The Third Claim is dismissed in its entirety, with prejudice, subject to the settlement terms outlined above; and

    (2) Final judgment is entered against the plaintiff and in favor of all

defendants except defendant Rachel A. Young, it being the express intention of the parties and the court that the plaintiff may appeal the dismissal of his claims in the court's order of March 28, 2019.

Dated: Elmira, New York
July 26, 2019

_____
Frederick Diaz
DIN 86B2129
Plaintiff pro se
Elmira Correctional Facility
P.O. Box 500
1879 Davis Street
Elmira, NY 14901

Dated: Syracuse, Nee York
July 29, 2019

_____
Edward Z. Menkin #102187
Ramon E. Rivera
Pro Bono Attorneys for Plaintiff
440 South Warren Street
Syracuse, New York 13202

Dated: Albany, New York
July 23, 2019

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Rachel A. Young
The Capitol
Albany, New York 12224

By: *s/ Adrienne J. Kerwin*
Adrienne J. Kerwin
Assistant Attorney General, of Counsel
Bar Roll No. 105154
Telephone: (518) 776-2608
Fax: (518) 915-7738 (Not for service of papers.)
Email: adrinne.kerwin@ag.ny.gov

Dated: Utica, New York
July 30, 2019

SO ORDERED:

_____
HON. DAVID N. HURD
UNITED STATES DISTRICT COURT JUDGE